UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
2:12-cv-00019-RJC

| | |
|---|---|
| **RICHARD KEITH POE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| **FNU CORAN, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**THIS MATTER** is before the Court on a review of Plaintiff's Application to Proceed Without Prepayment of Fees or Costs, (Doc. No. 1-1), and an initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983, (Doc. No. 1). 28 U.S.C. §§ 1915; 1915A.

In his Complaint, Plaintiff alleges that he is currently incarcerated in Swain County Jail. His Complaint alleges that he has received improper medical treatment and that he has not been outside in more than one month. (Doc. No. 1 at 4). Plaintiff contends that he has participated unsuccessfully in the grievance procedure. (Id. at 7).

On June 6, 2012, the Clerk of Court filed a document sent from the Swain County Jail. The Clerk of Court mailed Plaintiff a filed copy of the Complaint, but it was returned to the clerk's office with the notation that Plaintiff was no longer housed in the Swain County Jail. (Doc. No. 3 at 1-2). A search of the website of the North Carolina Division of Public Safety does not show that Plaintiff is currently incarcerated in state prison. Further, a search of the pending criminal cases in North Carolina does not show that Plaintiff is currently awaiting trial on pending criminal charges.

Plaintiff has failed to notify the Court of a current address and documents critical to his

case have been returned as undeliverable. Plaintiffs have a general duty and responsibility to prosecute their cases, and this includes the obligation to provide the Court and the opposing parties with his current address. See Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988). Plaintiff's failure to keep the Court informed of his new address constitutes a failure to prosecute. Federal Rule of Civil Procedure 41(b) provides as follows:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

The Clerk of Court will be directed to send a copy of this Order to the last known address which was provided to the Court by the Plaintiff. Plaintiff is directed to notify the Court of a current address within fourteen days (14) from entry of this Order. Failure to so notify the Court will result in Plaintiff's case being dismissed for failure to prosecute.

**IT IS, THEREFORE, ORDERED** that Plaintiff shall (1) provide the Court with information on his current address within fourteen (14) days from entry of this Order. Failure to comply with this Order within fourteen (14) days from its entry will result in dismissal of Plaintiff's Complaint.

The Clerk of Court is directed to send a copy of this Order to Plaintiff's last known address.

Signed: July 17, 2012

_____
Robert J. Conrad, Jr.
Chief United States District Judge